UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER CORNELL, *et al.*, | : | Case No. 1:20-cv-973 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| JUDGE RANDY T. ROGERS, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS BUTLER COUNTY AND BUTLER COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS (DOC. 7); GRANTING IN PART AND DENYING IN PART DEFENDANTS CADY AND JUDGE ROGERS' MOTION TO DISMISS (DOC. 6); AND GRANTING PLAINTIFFS' REQUEST FOR LEAVE TO AMEND COMPLAINT**

This civil action is before the Court upon Defendants Cady and Judge Rogers' motion to dismiss (Doc. 6); and upon Defendants Butler County and Butler County Board of Commissioner's motion to dismiss (Doc. 7); and the parties' responsive memoranda. (Docs. 8, 9, 11, and 12). Plaintiffs' response in opposition also contains a request for leave to amend. (Doc. 8).

### I.  FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the amended complaint in the light most favorable to the Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

1

**A. Facts Regarding all Parties and Procedural History**

Plaintiffs Jennifer Cornell and Michelle Kigii worked at the Butler County Probate Court. (Doc. 11 at ¶¶11, 27). Each assert causes of action related to their disabilities and their FMLA rights. Defendant Judge Randy Rogers serves as the Probate Judge of Butler County. (*Id.* at ¶7). Defendant Heather Cady is the Court Administrator for the same probate court. (*Id.* at ¶8). Plaintiffs also bring claims against Butler County and the Butler County Board of Commissioners in their official capacities. (*Id.* at ¶¶9-10).

Plaintiffs initially brought claims against Judge Rogers in his official capacity and against the Butler County Probate Court, raising causes of action under the Family Medical Leave Act ("FMLA"), the Ohio Civil Rights Act, and the Americans with Disabilities Act ("ADA"). (Doc. 1). The Butler County Probate Court and Judge Rogers moved to dismiss parts[1] of the complaint based on the Probate Court's *sui juris* status, the sovereign immunity of Judge Rogers, and Plaintiffs' failure to state a claim under the FMLA. (Doc. 3).

Plaintiffs then amended their complaint to remove Butler County Probate Court as Defendant and to remove all claims under the ADA and the Ohio Civil Rights Act (Doc.

---

[1] Original Defendants' motion acknowledged that while monetary claims against Judge Rogers in his official capacity were barred, Plaintiffs claims for reinstatement under the FMLA could move forward. (Doc. 3 at 11). In their amended complaint, Plaintiffs have dropped the FMLA claims against Judge Rogers in *his official capacity*. (Doc. 5).

2

5). The amended complaint also sought relief against Judge Rogers in his <u>official</u> capacity on Rehabilitation Act claims and against Judge Rogers in his <u>individual</u> capacity on the FMLA claims. (*Id.*). Plaintiffs also added three parties: Probate Court administrator Heather Cady for liability under the FMLA claims; and Butler County, and Butler County Board of Commissioners, for both FMLA claims and Rehabilitation Act claims. (*Id.*). (Hereinafter, Butler County and Butler County Board of Commissioners will be referred to as "County-Defendants").

For clarity, here are the claims now before the Court:

<u>Count 1</u> – Disability Discrimination under the Rehabilitation Act against Judge Rogers in his official capacity and against County Defendants

<u>Count 2</u> – FMLA interference against County Defendants

<u>Count 3</u> - FMLA interference against Judge Rogers in his individual capacity and against Probate Court Administrator Heather Cady

<u>Count 4</u>- FMLA retaliation (Plaintiff Kiigi only) against County Defendants

<u>Count 5</u> – FMLA retaliation (Plaintiff Kiigi only) against Judge Rogers in his individual capacity and Heather Cady

<u>Count 6</u> –Retaliation under the rehabilitation Act (Planitiff Kiigi only) against Judge Rogers in his official capacity and against County-Defendants.

**B. Facts Regarding Plaintiff Jennifer Cornell**

Starting in 2017, Jennifer Cornell worked as a judicial assistant at the Butler County Probate Court. (*Id.* at ¶11). In March of 2018, Cornell received a positive annual review. (*Id.* at ¶15). Cornell suffers from depression, which is a disability. (*Id.* at ¶13).

In October 2018, based on her disability, Cornell requested "continuous" FMLA leave. (*Id.* at ¶16). It was approved. (*Id.*). At the end of her leave period, Cornell's psychiatrist filled out an additional FMLA certification authorizing Cornell to take additional "intermittent leave." (*Id.* at ¶19). This additional, intermittent leave was possible because Cornell did not take the full 12 weeks of FMLA leave she was entitled to. (*Id.*).

While Cornell was on leave, Defendants hired another person as a judicial assistant. (*Id.* at ¶20). Upon Cornell's return, in December 2018, Cornell found her replacement at her workstation. (*Id.* at ¶21). Defendant Heather Cady, the Court Administrator, told Cornell to move workstations. (*Id.*). Additionally, Cady informed Cornell that Cornell would assume a new role, involving auditing files and managing court email. (*Id.* at ¶22). Cornell "begrudgingly" accepted and received no negative feedback in her performance of the new responsibilities. (*Id.* at ¶¶22, 23).

In February of 2019, Cornell was fired. As alleged by Cornell, Cornell was called to a meeting with Cady and an Assistant Court Administrator. (*Id.* at ¶24). Cady told Cornell she could resign or be terminated. (*Id.*). Cady also said Cornell was being fired for a "lack of focus." (*Id.*).

### C. Facts Regarding Plaintiff Michelle Kiigi

Beginning in 2017, Kiigi worked at the Butler County Probate Court as a deputy clerk. (*Id.* at ¶27). In January 2019, Kiigi went out on approved FMLA leave to undergo a partial hysterectomy. (*Id.* at ¶29). Around this time, "Ms. Kiigi contacted a human

4

resources representative for Butler County, Ohio regarding questions related to the payment of her health benefits while she was out on FMLA leave." (*Id.* at ¶30). Plaintiffs further allege: "The human resources representative for Butler County, Ohio answered Ms. Kiigi's questions and told her that she could be contacted with any additional questions regarding her benefits or use of FMLA leave." (*Id.* at ¶31).

While out on FMLA leave, Ms. Kiigi had to undergo an unexpected second surgery. (*Id.* at ¶32). She took further FMLA leave. (*Id.*).  On April 9, 2019, Kigii returned to work. (*Id.* at ¶33).  Defendant Cady gave Kigii a notice informing Ms. Kigii that her doctor needed to fill out a "fitness for duty form." (*Id.* at ¶35).  Ms. Kiigi's physician filled it out, indicating Ms. Kigii could return to work on April 15, 2019. When Kigii gave the form to Cady, Cady was unhappy Kigii would not return immediately. (*Id.* at ¶37). On April 11, 2019, Cady emailed to tell Kigii she was being demoted to "marriage license clerk." (*Id.* at ¶38). Soon after, Kigii was called to a meeting—with Cady and two other Court employees—and asked to sign a form acknowledging her new position. (*Id.* at ¶¶40,41).  Kigii asked to speak to a human resources representative. (*Id.* at ¶42). Cady said she "was Human Resources." (*Id.* at ¶43).  Kigii told Cady she believed the demotion was retaliatory and renewed her request to have an HR representative present. (*Id.* at ¶¶43, 44). Cady denied the request and had Ms. Kigii escorted out of the building, effectively terminating her.  (*Id.*).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Claims under FMLA and Rehabilitation Act against Defendants Judge Rogers and Cady in their individual capacities

#### 1. FMLA Claims Against Cady and Judge Rogers

##### a. Individual Liability in Public Agency Employment under the FMLA

Under the FMLA, employees who suffer from "a serious health condition that makes [them] unable to perform the function of [their] position" may take up to twelve weeks of leave per year. 29 U.S.C. § 2612(a)(1)(D). Employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by [the FMLA]." 29 U.S.C. § 2615(a)(1). Additionally, employers may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). "Employers who violate these provisions of the Act may be held liable to the employee for damages and other equitable relief." *Parks v. UPS Supply Chain Sols*., Inc., No. CIV.A. 11-404-DLB, 2014 WL 414230, at *6 (E.D. Ky. Feb. 4, 2014), aff'd, 607 F. App'x 508 (6th Cir. 2015).

The FMLA considers an "employer" a person engaged in commerce who employs 50 or more people. 29 U.S.C. § 2611(4)(A)(i). This definition includes "any person who acts, directly or indirectly, in the interest of an employer." 29 U.S.C. § 2611(4)(A)(ii)(I). A separate section explicitly subjects public agencies to the FMLA. 29 U.S.C. §2611(4)(A)(iii). Because the statute lacks clarity on which provisions apply to which categories of employers, a circuit split has emerged with regards to whether a public agency supervisor can be <u>individually liable</u> under the FMLA.[2]

The Sixth Circuit, though, has definitively answered the question. In *Mitchell v. Chapman*, the Sixth Circuit found that their "independent examination of the FMLA's text and structure reveals that the statute does not impose individual liability on public agency employers." 343 F.3d at 829 (6th Cir. 2003). As Defendants Cady and Judge Rogers argue, *Mitchell* disposes of the FMLA claims against them.

In response, Plaintiffs point to other circuits that have come to the opposite conclusion and assert the language of the statute supports their position. (Doc. 8 at 5-6). They do not, though, attempt to distinguish their case from the controlling *Mitchell* ruling. In fact, to their credit, Plaintiffs acknowledge this Court's obligation to follow

---

[2] The Third, Fifth and Eighth Circuits have held the FMLA does impose individual liability on public supervisors. *Haybarger v. Lawrence Cty. Adult Probation and Parole,* 667 F.3d 408, 415 (3rd Cir. 2012); *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002). The Sixth and Eleventh Circuits have held it does not. *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003); *Wascura v. Carver*, 169 F.3d at 683, 686 (11th Cir.1999).

*Mitchell* as binding Sixth Circuit precedent. (*Id.* at 7, n.1). The Court agrees that *Mitchell* applies and will dismiss all FMLA claims against Defendants Cady and all claims against Judge Rogers in his individual capacity.

Since the Court's decision on this issue is dispositive, it will analyze the other FMLA arguments only in brief.

### b. Defendant Cady's Status as an Employer

The Court cannot credit Defendants' argument that Defendant Cady, the Court Administrator, was "not Plaintiff's employer as a matter of law." (Doc. 6 at 2-3). Cady makes three arguments here. First, Cady argues Plaintiffs have not pleaded Defendant Cady was her employer. (*Id.* at 7). Second, Defendant Cady contends she is not Plaintiffs' employer because, under Ohio law, employees like Plaintiffs "serve at the pleasure" of Judge Rogers. (*Id.* at 8 citing Ohio Revised Code 2101.01(A)). Third, even if Plaintiffs had pleaded Cady was her employer, "it would be an unwarranted conclusion of law, not a factual assertion entitled to deference under Rule 12(b)(6)." (*Id.*).

The arguments are not well-taken. Both Plaintiffs have pleaded factual scenarios wherein Defendant Cady wielded the power to demote and fire them. As alleged by Kigii, Cady also asserted that she alone represented the probate court's "human resources" function. (Doc. 5 at ¶43). If true, these facts would establish Cady as an "employer," subject to the FMLA, were it not for the setting of a "public agency." *Mitchell*, 343 F.3d

9

at 829 (6th Cir. 2003). There is no requirement that Plaintiffs recite the obvious conclusion that they regard Cady as their "employer." The Court may infer it.

Moreover, the Court is generally unpersuaded by the implied argument that because Plaintiffs serve at the pleasure of Judge Rogers no one else may be regarded as Plaintiffs' employer. Such an argument eschews the question of who exerts control over the Plaintiffs' employment. Moreover, it is telling that Defendants do not argue that Judge Rogers' purported powers are un-delegable. Indeed, the alleged facts suggest Judge Rogers may have delegated the power to hire, demote, and approve leave to Defendant Cady.

While Defendant Cady can take refuge in *Mitchell*, the Court finds the well-pleaded facts would otherwise support the notion that Cady was an employer in the way that term is commonly analyzed under private sector FMLA claims. *See Bryant v. Delbar Prod.*, Inc., 18 F. Supp. 2d 799, 807 (M.D. Tenn. 1998) ("…individual liability for corporate officers, managers, and supervisors for violations of the FMLA is within the FMLA's definition of employer.").

    c. <u>Failure to State a Claim for FMLA interference</u>

Defendants Cady and Judge Rogers also take issue with Plaintiffs' failure to plead a "denial of benefits"—according to Defendants, a required element under an FMLA interference claim. Plaintiffs pleaded they were fired, in part, because they used FMLA leave. Defendants are correct that Plaintiffs do not allege they applied for and were

denied benefits in the first instance. Defendants are incorrect, however, that this warrants dismissal.

Plaintiffs allege, essentially, a retaliatory discharge. The Sixth Circuit has held that, pursuant to the FMLA, a retaliatory discharge is cognizable under either a retaliation or interference claim. However,

> [t]he requisite proofs differ. The interference theory has its roots in the FMLA's creation of substantive rights, and "[i]f an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a violation has occurred," regardless of the intent of the employer…. The central issue raised by the retaliation theory, on the other hand, is "whether the employer took the adverse action because of a prohibited reason or for a legitimate nondiscriminatory reason." *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir.2006). … In contrast to the interference theory, "[t]he employer's motive is relevant because retaliation claims impose liability on employers that act against employees specifically because those employees invoked their FMLA rights." *Id.*

Thus, if not for their public agency setting, Plaintiffs' allegations could support an FMLA interference claim. Nonetheless, by force of *Mitchell*, the Court is obligated to dismiss all FMLA claims against Cady and Judge Rogers because the FMLA does not authorize individual liability against public agency employers.

### 2. Claims under the Rehabilitation Act against Judge Rodgers in His Official Capacity

The Rehabilitation Act prohibits employers from discrimination against employees with disabilities if the employer receives federal financial assistance. 28 U.S.C. § 701; *see also Nihiser v. Ohio EPA*, 269, F.3d 626, 628 (6th Cir. 2001). Plaintiffs allege unspecified "Defendants" terminated Plaintiffs because of Plaintiffs' disabilities (Doc. 5

at ¶53) and Plaintiff Kigii alleges unspecified "Defendants" terminated her because she complained of disability discrimination. (*Id.* at ¶87). But, Defendants correctly point out that Plaintiffs do not allege that Judge Rogers receives federal funds or qualifies as an "employer" under the Rehabilitation Act.

Plaintiffs state they have pleaded Judge Rogers was their employer, and cite to their amended complaint. (Doc. 8 at 8; Doc. 5 at PageID#44, 46-47). Reviewing those portions of the amended complaint, the Court cannot discern where Plaintiffs allege anything about their employer or their employer's receipt of federal assistance. It is inferable that Judge Rogers employed Plaintiffs in a general sense because, as Defendants state, Plaintiffs served at his pleasure. That, however, does not on its own subject Judge Rogers to the Rehabilitation Act. The Rehabilitation Act, again, applies only to those who receive federal financial assistance. *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597 (1986).

Plaintiffs do cite cases that authorized Rehabilitation Act claims to go forward against Ohio courts of common pleas because those courts did receive federal funds. *See Bowie v. Hamilton County Juvenile Court*, No. 1:18-cv-395, 2019 WL 1305864 (S.D. Ohio March 22, 2019). As an alternative, Plaintiffs state "to the extent Defendants claim that Plaintiffs did not expressly plead that Judge Rogers is an 'employer' as defined by the Rehabilitation Act, Plaintiffs respectfully request that this Court grant them leave to amend their Complaint to allege that Judge Rogers is an 'employer' under the

Rehabilitation Act." (Doc. 8 at 9).

As noted earlier, this Court may draw reasonable inferences in favor of Plaintiffs. Those inferences must extend from well-pleaded facts. *See Iqbal*, 556 U.S. at 678. In this case, it is not plainly inferable on the face of the amended complaint that Judge Rogers qualifies as an employer under the Rehabilitation Act because it is not clear whether Judge Rogers receives federal financial assistance.

However, the Court finds Plaintiffs' request to amend its complaint reasonable. In reply, Defendants Cady and Judge Rogers do not specifically object to the request to amend. (Doc. 12). And, of course, the Federal Rules dictate that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will grant Plaintiff leave to amend its complaint on the Rehabilitation Act Claims only (Counts 1 and 6) to clarify Judge Rogers' status under the Rehabilitation Act. Judge Rogers motion to dismiss as to the Rehabilitation Act claims against Judge Rogers will therefore be denied as moot. Defendants may refile a motion to dismiss based on Plaintiffs' amended filing.

### B. Claims against Butler County and Butler County Board of Commissioners

County-Defendants also argue that Plaintiffs have not pleaded facts suggesting the County-Defendants are Plaintiffs' employer. (Doc. 7 at 5). Plaintiffs respond that they are moving under a "joint-employer" theory. (Doc. 9 at 5). In other words, Plaintiffs

13

suggest the County-Defendants are Plaintiffs' employers along with Defendants Cady and Judge Rogers. (*Id.*).

"An entity that is not [plaintiffs'] formal employer may be treated under the [joint employer doctrine] as if it were the employer for purposes of employment laws …." (*Id.* citing *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 Fed. Appx. 488, 491 (6th Cir. 2011)). Furthermore, in the context of Title VII discrimination claims,[3] the Sixth Circuit has held "[e]ntities are joint employers if they share or co-determine those matters governing essential terms and conditions of employment." *Nethery v. Quality Care Invs.*, L.P., 814 F. App'x 97, 103 (6th Cir. 2020) (internal quotations omitted).

Plaintiffs direct this Court to *Williams v. Franklin Cty. Mun. Court*, a case in which a municipal court interpreter pleaded sufficient facts to establish the City of Columbus as a joint employer with the municipal court. No. 2:10-CV-1155, 2011 WL 13160383, at *4 (S.D. Ohio Aug. 22, 2011). Summarizing the pleadings, the Court in *Williams* states:

> The Plaintiff contends that the City and the Municipal Court jointly handled labor relations, compensation, and investigation and remediation of discrimination and retaliation at the Municipal Court. For example, Municipal Court employees were directed to the City's Employee Assistance Program for any counseling they may have needed. The Plaintiff also claims that the City Attorney, charged under the City Charter with providing legal counsel to the City and 'all officers and departments thereof,' was the Municipal Court's primary resource in working

---

[3] The Court sees no reason why "joint-employer" analysis from Title VII cases should not apply to FMLA claims. Plaintiffs also rely on a Title VII case, *Williams v. Franklin Cty. Mun. Court*, No. 2:10-cv-1155, 2011 WL 13160383, at *5 (S.D. Ohio Aug. 22, 2011); (Doc. 9).

14

through the issues raised by Judge Hale's misconduct, suggesting that the City perceived itself to be potentially liable for the sexual harassment occurring at the Municipal Court. *Id.*

This Court finds nothing to argue with in the *Williams* decision. The problem for Plaintiffs in this case is they have not pleaded the facts, as the plaintiff in *Williams* did, demonstrating that the County-Defendants "exercised sufficient control" over their employment. *Id.*

In this case, Plaintiffs attempt to hang the County-Defendant's "joint employer" status on an impossibly slim factual nail: while out on FMLA leave, before her demotion, Plaintiff Kiggi called a Butler county human resources representative and the recipient of the phone call answered questions about her benefits while on FMLA leave. (Doc. 9 at 6). No other facts are marshalled in support.[4] And nothing else is said of this phone call or its aftermath. The Court cannot, based on the fact of the phone call alone, infer that County-Defendants play any role in how personnel decisions are made or that the County-Defendants exert control over Plaintiffs' employment. The most the Court can reasonably infer is that the County-Defendants provide some support for some employment issues. But this is a far cry from alleging facts showing the County-Defendants co-determine the "essential terms and conditions of employment." *Nethery*, 814 F. App'x at 103 (6th Cir.

---

[4] In their opposition, Plaintiffs also assert they have alleged "that Butler County administered and/or oversaw the Probate Court's FMLA policies." (Doc. 9 at 6). This assertion comes without a cite to the amended complaint. On its own review of the amended complaint, the Court finds no allegations of County control over FMLA policies.

15

2020). On the record before this Court, there is no basis to believe the County-Defendants are a "joint-employer."

The Court here pauses to note the apparent bind Plaintiffs are in. Sovereign immunity forecloses FMLA claims against the probate court. *See Davis v. Jackson Cty. Mun. Ct.*, 941 F.Supp.2d 870, 878-79 (S.D. Ohio 2013). In the Sixth Circuit, the controlling precedent of *Mitchell* shields public agency supervisors, in their individual capacities, from FMLA suits. Meanwhile, relief against public officials in their official capacities is limited. *See Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). Finally, counties may be too far removed from the essential terms of employment to qualify as an "employer."

Plaintiffs may well complain, although they do not do so here, that the FMLA rights of public employees are of little use if no one can be held accountable for violating them. The Court acknowledges the situation Plaintiffs are in. That said, the Court will not regard the County-Defendants as an "employer" just because there is no other readily available defendant. To go forward with a cause of action against the County-Defendants on their FMLA claims, Plaintiffs must plead facts allowing at least the plausible inference that the County exerts control over their employment and thus qualifies as a joint employer. Plaintiffs simply fail to do that. Accordingly, the Court will dismiss all claims against the County-Defendants.

The Court does not reach the County-Defendants' arguments regarding specific pleading failures in the Plaintiffs' FMLA interference claim.[5]

## IV. CONCLUSION

Accordingly, for the reasons reflected above, the Court **ORDERS** that:

1) Defendants Butler County and Butler County Board of Commissioners' motion to dismiss is **GRANTED** in its entirety. (Doc. 7). All claims against Butler County and Butler County Board of Commissioners are **DISMISSED.**

2) Defendants Judge Rogers and Heather Cady's motion to dismiss (Doc. 6) is **GRANTED in part and DENIED in part** as follows:

   a. Defendants Cady and Judge Rogers motion (Doc. 6) is **GRANTED** as to Count 3 and Count 5 of the amended complaint. Those claims are **DISMISSED.**

   b. Defendants' Cady and Judge Rogers motion (Doc. 6) is **DENIED as MOOT** as to Count 1 and Count 6 of the amended complaint.

3) Plaintiffs' request for leave to amend their complaint is **GRANTED** to the following extent: within twenty days of the docketing of this order, Plaintiffs

---

[5] In any case, the County-Defendants simply reprise their co-Defendants' argument about failure to plead an FMLA interference cause of action. The argument would hypothetically fail for the reasons already stated—a well-pleaded retaliatory discharge can serve as the basis of an FMLA interference claim, even if FMLA leave was approved initially, if the plaintiff was later fired for using that leave. *See Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 280 (6th Cir. 2012) (discussing the relationship between a retaliatory discharge and FMLA interference).

    may file an amended complaint <u>only</u> to provide further factual allegations in support of Counts 1 and Count 6 as against Defendant Judge Rogers in his official capacity.

4) Defendants earlier-in-time partial motion to dismiss based on causes of action and parties no longer before this Court is **DENIED as MOOT**. (Doc. 3).

    **IT IS SO ORDERED.**

Date:    10/18/2021                      *s/Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge